Filed 5/28/25  P. v. Casey CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>

THE PEOPLE,

     Plaintiff and Respondent,

v.

PICHINO W. CASEY,

     Defendant and Appellant.

</td><td>

A170873

(Marin County
Super. Ct. No. SC218478A)

</td></tr>
</table>

**MEMORANDUM OPINION**

Pichino W. Casey appeals from a felony conviction for child endangerment, with a finding that his victim was particularly vulnerable. His sole argument on appeal is that the superior court lacked subject matter jurisdiction because the crime occurred on federal land in the Golden Gate National Recreation Area (GGNRA).  That is incorrect.  The judgment is affirmed.

**BACKGROUND**

We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide the following limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

Casey was arrested in the GGNRA by park rangers after a vehicle pursuit. When he was apprehended, his wife and baby were with him in the vehicle. There was no car seat for the child. All the events occurred in Marin County.

Casey was charged with several felonies, and a jury found him guilty of a single count of child endangerment in violation of California Penal Code section 273a, subdivision (a), with an aggravated circumstance finding that his victim was particularly vulnerable. He was sentenced to probation, and his appeal is timely.

## DISCUSSION

Relying on an assortment of statutes and cases that discuss the appropriate forum when crimes occur in multiple counties or different jurisdictional territories, Casey argues the superior court lacked jurisdiction because his crime occurred entirely within the GGNRA. However, there is nothing in the record that shows California has ceded exclusive criminal jurisdiction to the federal government over public offenses occurring in the GGNRA.

"[F]ederal ownership of land does not necessarily establish 'federal jurisdiction over crimes committed upon it, as that fact does not oust the jurisdiction of the state . . . .' [Citation.] '[F]or many purposes a State has civil and criminal jurisdiction over lands within its limits belonging to the United States,' including the punishment of 'public offenses, such as murder or larceny, committed on such lands.' [Citations.] Whether the federal government has exclusive jurisdiction over crimes committed on federal lands depends on the terms on which the lands were acquired from the states." (*People v. Hoyt* (2020) 8 Cal.5th 892, 911.)

Moreover, "a claim that jurisdiction lies elsewhere (i.e., in the federal government) over an offense that is committed within the boundaries of the state, and that is defined by state law, is a defensive matter, and the defendant is required to allege and prove in the trial court ' "any facts which he now claims might have had the effect of vesting exclusive jurisdiction in the federal courts." ' [Citation.] There is a presumption of jurisdiction of a state court in the absence of evidence showing that the state court had yielded or lacked jurisdiction over the property where an offense was committed." (*People v. Crusilla* (1999) 77 Cal.App.4th 141, 146–147.) "Dual sovereignty is the rule, federal exclusivity the exception." (*People v. Rinehart* (2016) 1 Cal.5th 652, 660.)

Nothing in the record demonstrates that California has ceded jurisdiction over public offenses occurring within the GGNRA exclusively to the federal government. All the events here occurred within Marin County, and the Marin County Superior Court had subject matter jurisdiction.

## DISPOSITION

The judgment is affirmed.

SIGGINS, J.*

WE CONCUR:

STREETER, Acting P. J.
GOLDMAN, J.

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.